UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                                                          No. 12-CR-172-(03) SRN/AJB

              Plaintiff,

v.

                                       **MEMORANDUM AND ORDER**

Rayshawn Earl James Brown,

              Defendant.
_____

      This matter is before the Court on Defendant's appeal of the Magistrate Judge's Order for Detention, pursuant to 18 U.S.C. §3145(b). (Doc. No. 24.) On April 3, 2012, Defendant was arrested and placed in custody at the Ramsey County Adult Detention Center. On June 14, 2012, he was charged by Complaint with aiding and abetting in the robbery of the West Seventh Pharmacy in St. Paul, Minnesota. (Doc. No. 1.) The Government moved for pretrial detention. After the pretrial detention hearing on June 21, 2012, Chief Magistrate Judge Arthur J. Boylan determined, by a preponderance of the evidence, that no condition or combination of conditions of release would reasonably assure the appearance of defendant at court proceedings. The Chief Magistrate Judge based his finding on Defendant's attempt to flee the police before his arrest, his history of substance abuse, his lack of a stable living arrangement, and his history of failing to appear for court appearances and of noncompliance while on supervision. Accordingly, the Chief Magistrate Judge granted the Government's motion for detention.

      Defendant challenges the Chief Magistrate Judge's decision on two grounds. First, he disputes the finding that he does not have a stable living arrangement. Defendant argues that in making this finding, the Chief Magistrate Judge did not adequately consider his ties to his community and his neighborhood. According to Defendant, he has lived within a mile of his

current residence his entire life, except for time spent at a substance abuse treatment facility. He has 15 siblings, most of whom live in the immediate neighborhood. Second, he argues that his record of failing to appear for state court appearances is not a fair predictor of his likelihood to appear in federal court. Defendant asserts that the formal nature of the federal pretrial system distinguishes it from state court because Pretrial Services is able to monitor the location of a defendant. Unlike in his state cases, Defendant argues that he now has counsel who will ensure that he is aware of his scheduled appearances. In addition, Defendant contends, the seriousness of a federal felony charge distinguishes this case from the misdemeanor offenses for which Defendant failed to appear in state court. Therefore, Defendant argues, his history of failing to appear in court is not an adequate justification for pretrial detention.

The Bail Reform Act of 1984, 18 U.S.C. § 3142, specifies the procedure for determining whether a defendant should be detained or released pending trial. Pretrial detention is appropriate if the judge finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 18 U.S.C. § 3142(e). In making this determination, the judge must take certain factors into account:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged…;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;
>
> ***
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Review of a pretrial detention order by the district court must proceed de novo. United States v. Maull, 773 F.2d 1479, 1484 (8th Cir. 1985). An order for pretrial detention should be affirmed if "the government met its burden to show by a preponderance of the evidence that no condition or set of conditions would reasonably assure [Defendant's] appearance for trial." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003).

After reviewing the record and the submissions of the parties, the Court concurs with the decision of Chief Magistrate Judge Boylan. Defendant has been charged with robbery by use of a firearm. According to the complaint, shortly after the offense was committed, Defendant allegedly fled police on foot and gave a false statement to police, once apprehended. As the record reflects, Defendant has a history of substance abuse, fleeing police, failing to appear in court, and engaging in criminal activity while on supervision. In addition, Defendant lacks employment as well as a stable living situation, given that he shifts between two residences. Pursuant to 18 U.S.C. § 3142(g), these factors should all be considered in determining whether or not a defendant should be released or detained. Even if the Court were to accept the Defendant's arguments on appeal, considering all of the evidence as a whole, the Government has met its burden of proof, by a preponderance of the evidence, that there are no conditions or combinations of conditions which will reasonably assure the Defendant's presence at future court proceedings.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Review of Chief Magistrate Judge's Detention Order (Docket No. 32) is **DENIED**; and

2. The Order for Detention of Chief Magistrate Judge Boylan (Docket No. 24) is **AFFIRMED**.

Dated:  July 25, 2012

                                            s/Susan Richard Nelson  
                                            Susan Richard Nelson  
                                            United States District Court Judge